## Commonwealth, for Use and Benefit of Warren County et al., v. Cox's Adm'r et al.

(Decided March 3, 1936.)

CHAS R. BELL for appellants.
MILLIKEN & MILLIKEN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

A "justice of the peace" is one of great antiquity and his jurisdiction has varied from time to time. He is a judicial officer of inferior rank, and under our statutes is a court of record with civil jurisdiction limited to that prescribed by statutes. He is a conservator of the peace with limited jurisdiction in criminal proceedings, prosecutions, and commitments of offenders as fixed by statutes.

Before he enters upon the discharge of the duties of his office he is required by section 1084, Kentucky Statutes, to execute bond with good security to be approved by the county court to the effect that he will faithfully discharge all duties of his office.

Section 1087 confers upon a justice of the peace the power to administer oaths, issue subpœnas, and original or final process, in any case within his jurisdiction.

Section 1088 enjoins upon him the duty to keep a full and fair record of his judicial proceedings.

Section 1093 confers upon a justice, jurisdiction exclusive of circuit courts in all penal and misdemeanor cases, the punishment of which is limited to a fine not exceeding $20, and jurisdiction concurrent with circuit courts of all penal and misdemeanor cases, the punishment of which is limited to a fine of not exceeding $500 or imprisonment not exceeding six months, or both.

Section 1086 vests in him jurisdiction concurrent with circuit and quarterly courts of the commonwealth of all cases and proceedings for the recovery of money or personal property in civil cases, where the amount in controversy, exclusive of interest and cost, does not exceed $100, and jurisdiction exclusive of the circuit courts, and concurrent with the quarterly courts in civil cases, of all actions and proceedings for the recovery of money or personal property when the value in controversy, exclusive of interest and cost, is $50 or under, and concurrent jurisdiction of the quarterly courts against constables for failing to discharge their duty.

Section 144 of the Constitution authorizes the Legislature to create a fiscal court consisting of the judges of the county court and justices of the peace.

Section 1834, Kentucky Statutes, provides "unless otherwise provided by law, the corporate powers of the several counties of this state shall be exercised by the fiscal courts thereof respectively."

Section 1840 defines the jurisdiction and powers of the fiscal court.

At the November election, 1928, Rupert F. Cox was elected justice of the peace of the Stalland Spring magisterial district of Warren county. His election was certified, and thereafter he was commissioned by the Governor on January 6, 1930. He qualified by taking the oath of office and executing the bond required by the statutes in the penal sum of $1,000, with Frank Stagner and W. M. Stagner sureties.

After his qualification he voluntarily assumed the duties of preparing, approving, and certifying in writing to the county road engineer and to the fiscal court of the county the time sheets showing the work of the county employees on the public roads of his magisterial district during the year 1930. As justice of the peace he certified weekly work sheets which had been prepared and approved by him, giving the names of the county employees working on the public roads in his district, showing the days of the week on which they had worked, the number of hours per day, and the amount of money to be received per hour by each employee. He included in the list names of individuals who had not worked at all and the number of hours they had not worked and the price per hour during which they had not worked. In short, the work sheets were false and fraudulent as it later developed. He presented the same to the fiscal court, induced it to approve and allow the claims so certified by him, procured the issuance of warrants therefor, produced the same to the county treasurer, collected of him thereon $1,200, and appropriated the same to his own use. Later, he died and the Bowling Green Trust Company qualified as administrator de bonis non of his estate.

This action was instituted in the name of the Commonwealth of Kentucky, for the benefit of Warren county and the fiscal court of Warren county, against his administrator and the sureties on his bond, to recover of them the $1,200. To the petition as amended the court sustained a demurrer. The county and the

fiscal court elected to stand by the petition, and it was dismissed. They are here complaining of this action of the court.

The statutory duties of a justice of the peace are both judicial and ministerial. To determine what his duties are in respect to either, the statutes must be consulted, and they determine whether his particular act under investigation is ministerial or judicial. It is not contended that the acts of Cox now involved were judicial. The county and the fiscal court present the argument that at the time he engaged in the acts by which he defrauded the county of $1,200, he held the office of justice of the peace; therefore, the sureties' liability therefor are within the terms of his official bond.

The accepted rule is that without regard to the distinction between acts done by virtue of office and acts done under color of office, the liability upon an official bond arises only upon acts of the officer which pertain to some function or duty which the law imposes upon his office. The sureties to his official bond are not liable for his purely personal act, not done as a part of, or in connection with, his official duties, and where he acts without authority of his office, in doing such act, he is not to be considered an officer, but an individual wrongdoer for which his surety is not liable. Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309; Fidelity & Deposit Co. v. Hall, 215 Ky. 36, 284 S. W. 426; McMahan's Adm'x v. Draffen, 242 Ky. 785, 47 S. W. (2d) 716.

The preparation, approval and certification, and the presentation to the fiscal court of the itemized statement of expenditures reported by Cox to the fiscal court, are specifically enjoined on the county road engineer by section 4331. Section 4333 vests in the fiscal court, when such an itemized statement as was reported to the court by Cox is certified to it by the county road engineer, the duty to enter an order signed by the judge of the county, directing the issuance of warrants therefor, to be paid by the treasurer of the county.

The acts of Cox upon which a recovery is sought herein were not in the performance of any duty im-

posed upon him as justice of the peace by any statute, supra or otherwise. The same were purely his personal acts. Not being official, nor done under the color of his office, it inevitably follows that the sureties on his bond are not liable therefor. Seneca Independent School District v. Traver (S. D.) 256 N. W. 365.

The judgment of the circuit court being in harmony herewith, it is affirmed.