Ray KITCHENS et al., Appellants,

v.

John M. MILLIKEN, County Judge, et al., Appellees.

Court of Appeals of Kentucky.

June 19, 1959.

E. R. Gregory, Bowling Green, for appellants.

B. G. Davidson, Bowling Green, for appellees.

MONTGOMERY, Chief Justice.

In a declaratory judgment action, the circuit court held void an order of May 23, 1958, of the Warren County Fiscal Court providing for a salary of $200 per month for a justice of the peace from the Second Magisterial District made pursuant to KRS 64.255, in so far as it related to any justice of the peace in office on March 28, 1958, the effective date of the Act. The order provided that the justice of the peace should be on duty on each regular week day, maintain an office for the purpose of trying criminal cases, and should report and pay over moneys collected as provided in the statute. The basis of the decision was that the order violated Sections 161 and 235 of the Kentucky Constitution and for the additional reason that the order provided for payment to a single justice of the peace to the exclusion of the other seven justices of the peace in the county. The aggrieved justice of the peace and a taxpayer have appealed.

The validity of the statute was upheld and its effect was discussed in Smith v. Harlan County Fiscal Court, Ky., 329 S.W. 2d 61, which controls here. See also Crafton v. Bratcher, Ky., 329 S.W.2d 70.

Counsel for appellees does not question appellants' interpretation of KRS 64.255 as embodied in the order for payment to the single justice of the peace who had exercised the jurisdiction of his office and had performed his duty to try criminal cases. This view is in accord with the opinion of this Court, as expressed in Smith v. Harlan County Fiscal Court, Ky., 329 S.W.2d 61.

The duties of a justice of the peace are judicial and ministerial. Each duty is separate and distinct. Commonwealth, for Use and Benefit of Warren County v. Cox' Adm'r, 264 Ky. 327, 94 S. W.2d 632. A salary has been provided as compensation to a justice of the peace for performance of his ministerial duties for service in attending the meetings of the fiscal court. KRS 64.530. This statute does not provide any compensation for services in the performance of judicial duties. Robinson v. Elliott County Fiscal Court, 236 Ky. 63, 32 S.W.2d 554. KRS 64.255 remedied this. As specifically provided in KRS 64.530, "actual attendance" of the fiscal court meetings is necessary in order to earn compensation for ministerial duties; actual performance of judicial duties is necessary to entitle a justice of the peace to compensation under KRS 64.255. By the use of the word "may," as pointed out in the Smith opinion, the Legislature left it to the discretion of each fiscal court to carry out the provisions of the statute, realizing that any abuse of such discretion would be subject to attack in the courts and to the remedial action of the electorate. The order of the Warren County Fiscal Court is valid.

Judgment reversed.

EBLEN, J., concurring. (See concurring opinion in Smith v. Harlan County Fiscal Court, Ky., 329 S.W.2d 66).

BIRD, J., not sitting.