**William V. WILSON et al., Appellants,**

v.

**John W. GARNER, Individually and as County Judge of Pulaski County, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

**334**

R. B. Bertram and Wendell V. Lyon, Jr., Monticello, for appellants.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, for appellees.

CULLEN, Commissioner.

In November 1968 William V. Wilson, alleging himself to be a citizen and taxpayer of Pulaski County, Kentucky, suing on behalf of himself and all other taxpayers of the county, brought action against the incumbent members of the fiscal court of the county (including the county judge), one former member, the clerk of the fiscal court and the county treasurer, seeking to recover sums which the incumbent magistrate members of the fiscal court, and the former magistrate member, had received since July 1, 1966, as salaries for services in the exercise of the criminal jurisdiction of their respective justice's courts, and seeking further to enjoin the payment of such salaries thereafter. The bases alleged for the relief sought were (1) that the resolution of the fiscal court (adopted in June 1966) which provided for the salaries, of $100 per month for each magistrate, was invalid because it did not provide any standards of performance by which to measure qualification for compensation, and (2) that the magistrates had not in fact performed any services in the exercise of criminal jurisdiction. The defendant magistrates, by answer and by affidavits in support of motion for summary judgment, admitted that none of them had ever tried a criminal case, but alleged that each of them had always been ready and prepared with the necessary facilities to try criminal cases, and had notified the sheriff of their availability for that purpose, but no criminal cases had been presented to them for trial. By a stipulation, the magistrates admitted that from July 1, 1966, to June 6, 1969, none of them had conducted a criminal trial, and that the only criminal jurisdiction exercised by any of them had consisted of the issuance of a few (not more than five) warrants by three of the magistrates.

The circuit court entered summary judgment dismissing the complaint, holding that the resolution calling for the payment of the salaries established sufficient standards and that it was not required by law, as a condition of receiving the salaries, that the magistrates actually perform any services in the exercise of criminal jurisdiction, it being sufficient that they be ready and willing to render such services. The plaintiff has appealed from that judgment.

We do not find it necessary to pass on the question of whether the resolution providing for payment of the salaries established sufficient standards,[1] because we think that the failure by the magistrates to perform any services in the trial of criminal cases, indicative of the lack of good faith intent to render such services, is of itself a bar to their being paid the salaries. However, we deem it appropriate to comment that Kitchens v. Milliken, Ky., 329 S.W.2d 68, is not authority for the proposition that the standards in the resolution there involved were adequate, because that question was not in issue in the case and was not decided.

---

1. The "standards" in the resolution were that each magistrate must "at once prepare himself with blank warrants and all necessary criminal forms, and the things necessary to conduct and operate a criminal court within the juridiction fixed by law, and to be prepared at all times to exercise the criminal jurisdiction granted them by law."

The payment of salaries to justices of the peace for the performance of services in the trial of criminal cases is authorized by KRS 64.255. That statute states the purpose to provide for compensation to justices of the peace "for their performance of the duties * * * imposed upon them" by KRS 25.010, which prescribes the criminal *trial* jurisdiction of justices' courts, and it authorizes compensation "for the performance of the duties of his office, insofar as they relate to the *trial or decision* of criminal cases" (our emphasis).

Five previous cases involving the payment of salaries to justices of the peace under claimed authority of KRS 64.255 have been decided by this court. They are Smith v. Harlan County Fiscal Court, Ky., 329 S.W.2d 61; Kitchens v. Milliken, Ky., 329 S.W.2d 68; Crafton v. Bratcher, Ky., 329 S.W.2d 70; Hall v. Noplis, Ky., 367 S.W.2d 456; Roberts v. Hickman County Fiscal Court, Ky., 481 S.W.2d 279. Only in *Kitchens* was the payment of salary held to be valid, and that was on the express ground that the one magistrate for whom a salary had been authorized had "exercised the jurisdiction of his office and had performed his duty to try criminal cases." In the other four cases the resolutions providing for payment of the salaries were held invalid either because they did not condition the payment of the salaries upon the performance of services in the exercise of criminal jurisdiction or because they did not prescribe adequate standards to measure performance. However, in *Hall* recovery of salaries already paid was denied because the justices of the peace had actually performed the duties contemplated by the statute in regard to trial of criminal cases.

In *Smith* this court said:

" * * * the Legislature did not intend that this compensation should be paid to all justices of the peace concerned but only to those who performed

their duties in the exercise of criminal jurisdiction. * * *"

In *Hall* we said:

" * * * the statute (KRS 64.255) limits such compensation exclusively to the performance of criminal court functions. * * *"

In *Kitchens* we said:

" * * * actual performance of judicial duties is necessary to entitle a justice of the peace to compensation under KRS 64.255. By the use of the word "may," as pointed out in the Smith opinion, the Legislature left it to the discretion of each fiscal court to carry out the provisions of the statute, realizing that *any abuse of such discretion would be subject to attack in the courts * * *"* (our emphasis)

We consider this case to be one of abuse of discretion of the fiscal court within the contemplation of *Kitchens*. It is apparent from what actually happened that the magistrates never had any expectation or bona fide intention of trying any criminal cases. The resolution itself, in its "whereas" clause, rests the need for compensation primarily on the fact that the "business and financial affairs of Pulaski County have been so expanded and increased, that serving now as a member of this fiscal court carries all of the burdens and responsibilities of a director in an active and going TEN MILLION DOLLAR CORPORATION * * *"

We do not hold that compensation authorized by KRS 64.255 may be paid only in direct proportion to the amount of services rendered in the exercise of criminal jurisdiction. We hold simply that the payment of the salaries is not valid where the salaries were not in good faith intended to be for the performance of services in the trial of criminal cases, there was no expectation or intent to try criminal cases on a regular basis, and no services in the trial of crimi-

nal cases were in fact rendered in the three-year period following the adoption of the resolution for payment of the salaries.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.