H. W. ROBERTS, Jr., County Attorney of Hickman County, Appellant,

v.

HICKMAN COUNTY FISCAL COURT, etc., et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1972.

H. W. Roberts, Jr., pro se.

Ray F. Jones, pro se.

Dewey Johnson, pro se.

Wallace Morris, pro se.

Elbert Stone, pro se.

Billy Humphreys, pro se.

Norman Clark, pro se.

Jerald Chandler, pro se.

CATINNA, Commissioner.

In a declaratory judgment action the circuit court held void an order of February 5, 1971, of the Hickman County Fiscal Court providing for a salary of $100 per month for justices of the peace exercising criminal jurisdiction, which order was made pursuant to KRS 64.255. The circuit court also held void an order of September 11, 1970, directing that each justice of the peace in Hickman County be paid the sum of $100 per month in order to assist with the expenses of his office, which order was made pursuant to KRS 64.258. As the county treasurer had made expense payments subsequent to the entry of the order

of September 11, 1970, the court ordered that the county recover the $6600 illegally paid to the six justices of the peace, making each of them liable for the entire sum but allowing contribution. The court, although holding the justices of the peace primarily liable, awarded judgment against the county treasurer for $6600, allowing contribution against each justice of the peace jointly and severally to recover any amount paid by him.

All parties below are now before this court either on appeal or cross-appeal.

KRS 64.255 was first enacted in 1958, subsequently amended in 1968, and reads in part as follows:

"(1) In enacting legislation relating to justices of the peace, it is the intention of the general assembly to enable justices of the peace in counties having a population of less than 250,000 to exercise criminal jurisdiction as set out in KRS 25.010, and to provide for compensation for their performance of the duties thereby imposed upon them.

"(2) In counties having a population of less than 250,000 each justice of the peace may be exclusively compensated for the performance of the duties of his office, insofar as they relate to the trial or decision of criminal cases, by a salary not to exceed $1,200 per annum for counties having a population of 30,000 or less; $2,400 per annum for counties having a population in excess of 30,000 and not exceeding 60,000; $3,600 per annum for counties having a population in excess of 60,000 and not exceeding 250,000. The fiscal court of each county is authorized to fix salaries pursuant to the above restrictions. Salaries shall be paid in equal monthly instalments out of the county treasury."

KRS 64.258 was enacted in 1970 and became effective June 18, 1970. This section reads as follows:

"(1) The fiscal court of any county may pay to each justice of the peace or magistrate within the county a sum not to exceed one hundred dollars ($100) per month in order to assist with the expenses of his office. This sum shall not be considered as salary within the meaning of KRS 64.255.

"(2) The amounts paid to each justice of the peace or magistrate within the county shall be equal. No justice or magistrate shall be compensated in a greater or lesser amount than another justice or magistrate.

"(3) Said amount may be paid by the fiscal court only when the county possesses sufficient excess fees in its treasury to permit such payments. Payments shall not be made where the fees are not sufficient to pay all of the justices or magistrates."

The order of the Hickman County Fiscal Court dated February 5, 1971, reads as follows:

"Motion made by Ray F. Jones, seconded by Elbert Stone, and unanimously carried that the previous motion made January 29th, 1971, concerning the magistrate's salaries and expense account that was tabled until all magistrates were present be brought on for action of the Fiscal Court. The clerk read the motion in its entirety which reads as follows: 'Motion made by Ray F. Jones, seconded by Elbert Stone that the salaries of the Justice of the Peace who now desire to exercise criminal jurisdiction as set out in KRS 25.010 for the performance of their duties be paid a salary of $1200.00 per annum, the salaries shall be paid in equal monthly installments out of the County Treasury as provided for in KRS 64.255 and further moves that they be paid an expense allowance to assist with the expenses of their office of $100.00 per month if the County possesses sufficient excess fees in the County Treasury to permit such payments as provided for in KRS 64.258 effective January 1, 1971.' After discussion a vote

was taken and the motion was unanimously carried."

The September 11, 1970, order of the Hickman County Fiscal Court recites the passage of KRS 64.258, and upon the authority of this particular statute ordered that each justice of the peace be paid the sum of $100 per month in order to assist him with the expenses of his office.

The Hickman County Fiscal Court was acting entirely within the scope of its authority under KRS 64.255 in fixing the salary of the justices of the peace who desired to exercise criminal jurisdiction. Smith v. Harlan County Fiscal Court, Ky., 329 S.W.2d 61 (1969). However, the fiscal court is also required to set standards and requirements to be followed in the exercise of criminal jurisdiction by a justice of the peace. In Smith v. Harlan County Fiscal Court, supra, at page 66, this court said:

" * * * Inasmuch as the order of the Harlan County Fiscal Court does not indicate that the compensation was to be paid on this basis, nor provide any standards of performance of duties by which to measure eligibility for compensation (as was done in the Warren County case, Kitchens v. Milliken, Ky., 329 S.W.2d 68) the order is invalid."

The order of the Hickman County Fiscal Court clearly indicates that the salary to be paid to a justice of the peace was to compensate him for services performed in the exercise of his criminal jurisdiction; however, the order does not provide any standards of performance of duties and for this reason the order is void.

In Kitchens v. Milliken, Ky., 329 S.W.2d 68 (1959), this court, in sustaining an order entered under KRS 64.255, described the order as follows:

" * * * The order provided that the justice of the peace should be on duty on each regular week day, maintain an office for the purpose of trying criminal cases, and should report and pay over moneys collected as provided in the statute."

The lower court invalidated the order of September 11, 1970, because there had been no valid order under KRS 64.255 establishing salaries of the justices of peace in the exercise of their criminal jurisdiction, it being the judgment of the court that such order was a prerequisite to an allowance and payment of expenses under KRS 64.-258.

The belief that there must be a valid order establishing salaries for the exercise of criminal jurisdiction under KRS 64.255 before expense allowances to assist a justice of the peace with the expenses of his office may be fixed and paid under KRS 64.258 is without foundation.

The only reference to KRS 64.255 in 64.-258 is the following sentence at the conclusion of subsection (1): "This sum shall not be considered as salary within the meaning of KRS 64.255." This sentence is written in simple, ordinary language that does not lend itself to an excursion into the "will-o'-the-wisp" of legislative intent. KRS 64.255 is concerned solely with the establishment of salaries and the procedures necessary to receive compensation, while KRS 64.258 is concerned solely with an expense allowance for all justices of the peace. The purpose of the sentence referring to KRS 64.255 is to distinguish or define the payments allowable under the two sections of the statute. There is absolutely nothing in the language of this sentence to indicate that its purpose was one of limitation rather than distinction. Giving to the language of KRS 64.258 its plain and ordinarily understood meaning, we find nothing to indicate that its effect was to be so limited that only those justices of the peace who were salaried under KRS 64.255 and presently exercising their criminal jurisdiction would be eligible for the expense allowances so established. Citizens Telephone Company v. City of Newport, 188 Ky. 629, 224 S.W. 187 (1920); Gateway

Construction Company v. Wallbaum, Ky., 356 S.W.2d 247 (1962).

The order of the Hickman County Fiscal Court of September 11, 1970, was and is a valid and enforceable order authorizing the payment of a monthly expense allowance to each magistrate from the effective date of the act, providing that there has been compliance with subsections (2) and (3) of KRS 64.258.[1]

The fiscal court, after the adoption of the order of September 11, 1970, entered orders directing the treasurer of Hickman County to pay expense allowances of $100 per month for the entire year of 1970. The treasurer, in obedience to the directive of the orders, paid each of the six magistrates the sum of $1100 for a total of $6600.

The effective date of KRS 64.-258 was June 18, 1970. There was no provision in the statute indicating that the expense payments as established could be made for months prior to the effective date. A statute will not be given a retroactive effect unless an intent to do so is clearly expressed therein. KRS 446.-080(3); Webster County Soil Conservation District v. Shelton, Ky., 437 S.W.2d 934 (1969). All expense allowances approved by the fiscal court and paid for any month prior to June 1970 were contrary to law and without authority, and the amounts thereof are recoverable by Hickman County.

All expense allowance payments under the order of September 11, 1970, were made by the Hickman County treasurer upon warrants drawn in compliance with the orders of the fiscal court and upon the advice of the county attorney. The orders of the fiscal court allowing the claims and the warrants drawn pursuant to the orders were regular on their face and did not reflect that the warrants may have been issued contrary to law and without authority, nor did the records kept by the treasurer reflect any possible illegality. The county treasurer of Hickman County is not personally liable for any sums paid by him under the terms of the order of September 11, 1970. In Breathitt County v. Cockrell, 250 Ky. 743, 63 S.W.2d 920 (1933), this court said:

"The treasurer is a mere disbursing officer without power to question the act of the fiscal court when ordering a warrant drawn on him, except when it shows on its face that it is illegal, or it or the record, required by statute to be kept by him, shows that its payment will exceed the fund levied for that year for the purpose for which it was drawn, or it is in the same manner shown that its payment will exceed the constitutional limit of the county's debts for that year, and that it was not drawn for governmental purposes."

The judgment is affirmed insofar as it invalidates that portion of the order of February 5, 1971, pertaining to KRS 64.-255; the remainder of the judgment is reversed with direction that a new judgment declaring and defining the rights of the parties be entered consistent with this opinion.

All concur.

---

1. By House Bill 346 of the 1972 Legislature KRS 64.258 was amended, substituting the words "excess funds" for "excess fees."