Charles SARAKATSANNIS for the Use and
Benefit of the City of Newport, Ken-
tucky, Appellant,

v.

Paul BAKER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 15, 1972.

Harold A. Luersen, Cincinnati, Ohio, for appellant.

Albert H. Root, Donald L. Johnson, Morris Weintraub, Newport, for appellees.

PALMORE, Judge.

On May 25, 1970, during the term of office for which the appellee Joseph S. Rolf (now deceased) had been elected as judge of the Newport Police Court, the legislative body of that city, purporting to act under authority of the 1970 amendment to KRS 26.150 (c. 272, Acts of 1970, eff. March 30, 1970), enacted an ordinance fixing his compensation at $12,600 per annum. Theretofore, under an ordinance in effect at the time his term of office commenced, his compensation had been $7200 per annum. After a majority of the members of the city legislative body and the fiscal officers of the city declined to abide by the opinions of their city attorney and of the Attorney General to the effect that the ordinance was invalid the appellant, Sarakatsannis, a dissenting member of the city legislative body, acting as a citizen and taxpayer, brought this suit against them for appropriate relief. The trial court held the ordinance valid.

The Constitution does not directly establish police courts, but by § 143 it expressly authorizes the General Assembly to do so, and in §§ 160 and 167 it specifies the qualifications and terms of office and provides for the election, replacement and removal

of police judges. KRS 26.010 provides for police courts in cities of every class.

Prior to its amendment in 1970 KRS 26.-150 stated that the police judge in cities of the second class "shall receive a salary fixed by ordinance," etc. It did not mention any amount or any limits. The 1970 amendment substituted the words "an annual salary of not more than $12,600 to be" for the words "a salary," so that the statute now says he "shall receive an annual salary of not more than $12,600 to be fixed by ordinance," etc.

During all of the time pertinent to this case KRS 64.580 provided in part as follows (emphasis added):

"64.580. *Compensation of city officers and employes.* The legislative body of each city shall fix the compensation of every city officer and employe, except the compensation of members of the city legislative body, and in the case of city officers paid from fees, or partly from fees and partly by salary, shall fix the maximum compensation that the officer may receive . . . . . *In the case of city officers elected by popular vote, the annual compensation of the officer shall be fixed by the city legislative body not later than the first Monday in May in the year in which such officers are elected, and shall not be changed during the term. . . ."*

█ Much powder has been burned in a battle over whether police judges are "constitutional" officers, probably on the assumption that only such officers are affected or benefited by the so-called "rubber dollar" principle of Matthews v. Allen, Ky., 360 S.W.2d 135 (1962), and Commonwealth v. Hesch, Ky., 395 S.W.2d 362 (1965). We conclude that they are constitutional officers, but it is not really important in this particular case, because KRS 64.580 ordinarily would apply whether the elective office be statutory or constitutional. The question that remains, however, is whether the 1970 amendment of KRS 26.-150 authorizes an immediate increase from whatever the salary was before to the

maximum amount of $12,600 regardless of KRS 64.580.

Board of Education of Graves County v. De Weese, Ky., 343 S.W.2d 598 (1961), holds that the limitations contained in §§ 161, 235 and 246 apply only to public officers specifically mentioned in the Constitution itself, the amounts of compensation for all other public offices and positions of employment being strictly within the discretion of the General Assembly.

Matthews v. Allen, Ky., 360 S.W.2d 135 (1962), holds in substance that the limits set forth in § 246 of the Constitution are based on the purchasing power of the 1949 dollar and are therefore adjustable to its fluctuations.

Matthews v. Allen holds also that § 246 (and, by necessary implication, § 235) of the Constitution is subject to the requirement of § 133 that circuit judges shall receive adequate compensation, and that the adequacy of their compensation is not necessarily governed by § 246, even as the amounts therein set forth may be adjusted according to the fluctuating purchasing power of the dollar.

Commonwealth v. Hesch, Ky., 395 S.W. 2d 362 (1965), reiterates the "rubber dollar" principle of Matthews v. Allen with respect to other constitutional offices and expressly says it applies to §§ 161 and 235.

█ Unquestionably, under these decisions the $7200 maximum applicable to police judges under § 246 of the Constitution is adjustable to reflect the difference in purchasing power between the. dollar in 1949 and the dollar today. Presumably the $12,600 figure provided in the 1970 amendment of KRS 26.150 was intended to represent what the General Assembly then considered to be the proper adjustment. Commonwealth v. Hesch, Ky., 395 S.W.2d 362 (1965), specifically approved a 1964 legislative enactment (c. 109, Acts of 1964) increasing the compensation of officers then incumbent to reflect the purchasing power of the 1949 dollar, as distinguished from

the purchasing power of the dollar as of the much later dates upon which those particular officers assumed their current terms of office. While the logic of this result may very well be disputed, it now represents a constitutional principle upon which the General Assembly and the affected municipalities have justifiably relied. It is our further opinion that in enacting the 1970 amendment to KRS 26.150 the General Assembly intended for it to apply to the term of office then current. Hence the trial court's judgment was correct.

The judgment is affirmed.

All concur.