**Freddie CAREY, Appellant,**

v.

**WASHINGTON COUNTY FISCAL COURT, by and through its members, John W. Logsdon, Judge, Thomas A. Bartley, Magistrate, Julian Kidwell, Magistrate, Edward Russell, Magistrate, Olson Scott, Magistrate, Willis Walker, Magistrate, Ernest Reed Goff, Magistrate, Appellees.**

Court of Appeals of Kentucky.

May 5, 1978.

Rehearing Denied Aug. 18, 1978.

Discretionary Review Denied Jan. 30, 1979.

H. Edward O'Daniel, Jr., O'Daniel, Mattingly & Simms, Springfield, for appellant.

John W. Kelly, Springfield, for appellees.

Before COOPER, GANT and PARK, JJ.

COOPER, Judge.

This is an appeal from a judgment wherein the appellant, Freddie Carey, who was elected coroner of Washington County, seeks a declaration of his right to receive a salary in the amount of $150.00 per month where the original salary was set at $50.00 per month.

On April 3, 1973, the Washington County Fiscal Court fixed the coroner's salary at $600.00 per year, payable in monthly installments of $50.00. During the said year, the appellant filed for and was elected to said office for a four (4) year term commencing on January 1, 1974.

The 1974 legislature revised and amended KRS 64.185, directing that coroners in counties within population range of Washington County receive a minimum salary of $150.00 per month. The act was to be effective as of July 1, 1974, but did not indicate an intent to provide for an immediate adjustment in salary of county officials covered by the act.

On January 17, 1975, the appellant initiated this action demanding that the Washington Circuit Court render a declaratory judgment determining the minimum salary for which he is entitled as Washington County Coroner, and the effective date of minimum monthly compensation of such salary.

The Washington Circuit Court determined, ordered and adjudged that the "rubber dollar principle" is not applicable in establishing minimum salaries; that the Washington County Fiscal Court is not mandated by KRS 64.185, as amended by the Kentucky General Assembly during its regular 1974 session, to change the minimum monthly salary of the appellant during his present term of office; and that the Washington County Fiscal Court may continue to pay said coroner a minimum monthly salary of $50.00, as fixed by order of said Fiscal Court prior to May of 1973, in compliance with KRS 64.530, for the term of office commencing January, 1974, without change until expiration of said term.

Said judgment was based on a written opinion by the trial judge, a part of which is as follows, to-wit:

The Fiscal Court of Washington County, prior to May, 1973, in compliance with KRS 64.530, fixed the salary of the coroner for the term commencing in January, 1974, at $50.00 per month. Plaintiff was elected coroner at the November, 1973, election and assumed the duties of that office the following January.

Thereafter, the 1974 General Assembly enacted H.B. 426 which provided in part that the minimum coroner's salary to be fixed by a fiscal court in counties in the class applicable to Washington County should be $150.00 per month and further provided that this Act should become effective July 1, 1974.

The sole question really presented to the court in this case is whether or not H.B. 426 (KRS 64.185) is applicable to the plaintiff insofar as his present term of office is concerned. The plaintiff relies on the so called "rubber dollar" cases to support his claim that the Fiscal Court of Washington County *must* increase his compensation to a minimum of $150.00 per month despite the provisions of KRS 64.530 and KRS 64.720.

Those cases, however, dealt with situations in which the legislative body which had the authority to fix salaries had in fact increased the salaries involved above the constitutional limit set forth in Section 246 of the Kentucky Constitution. The rationale of those decisions is that there was not increase of change in salaries, but merely an adjustment of salary to compensate for the increased cost of living or inflation and that, therefore, Sections 161 and 235 of the Constitution were not violated.

In this case, however, the legislative body specifically authorized by statute to fix the salary has not seen fit to make an adjustment and this court feels that the Washington County Fiscal Court is justified in relying upon the provisions of Sections 161 and 235 of the Constitution of Kentucky and KRS 64.530 in not

changing the salary of the coroner during his present term.

With this we agree.

 It is clear that the rubber dollar doctrine is applicable to county officers. *Commonwealth v. Hesch*, Ky., 395 S.W.2d 362 (1965). However, it is also clear that the legislature must act affirmatively in order to put the rubber dollar doctrine into application. *Meade County v. Neafus*, Ky., 395 S.W.2d 573 (1965). Under Section 106 of the Kentucky Constitution, the legislature had the right to set the minimum salary payable to coroners. However, in order to avoid the restrictions contained in Sections 161 and 235 of the Constitution and KRS 64.530 against changes in salary during the coroner's term, it would be necessary to show that the 1974 amendment increasing the minimum salary from $50.00 per month to $150.00 per month was pursuant to the rubber dollar doctrine.

 The changing of the salary during the elected term without applying the rubber dollar doctrine would violate both constitutional and statutory prohibitions against the changing of the compensation during the elected term.

The judgment is affirmed.

GANT, J., concurs.

PARK, J., concurs by separate opinion.

PARK, Judge, concurring.

For many years, coroners were paid on a fee basis. In 1956, the legislature established a schedule of minimum salaries to be paid by counties graduated according to population, with authority in the counties to pay salaries in excess of the statutory minimum. *City of Lexington v. Hager*, Ky., 337 S.W.2d 27, 30 (1960); 1956 Ky.Acts, ch. 143. Under the 1956 legislation, Carey was entitled to a minimum monthly salary of $50.00 per month as coroner (based upon the population of Washington County). If the 1974 amendment to KRS 64.530 applied to Carey, increasing his minimum monthly salary from $50.00 to $150.00, there would be a violation of sections 161 and 235 of the Kentucky Constitution unless the increase can be justified under the "rubber dollar" doctrine. *Commonwealth v. Hesch*, Ky., 395 S.W.2d 362 (1965). However, there is nothing in the present record that indicates that the minimum salary fixed by the 1974 legislation equals, in real value, the minimum salary fixed by the legislature in 1956. This court cannot assume that fifty 1956 dollars equal one hundred fifty 1974 dollars.

Because of an absence of any proof justifying application of the "rubber dollar" doctrine, I concur in the result reached by the majority opinion to affirm the judgment of the circuit court.