**Henry HASTY, Appellant,**

**v.**

**Clifford SHEPHERD, Jack Baker, Walter Magruder, Forrest Moore, and Arson Moore, Appellees.**

Court of Appeals of Kentucky.

Sept. 4, 1981.

J. Gregory Joyner, Lynch, Sherman & Cox, Louisville, for appellant.

Lee M. MacCracken, J. Chester Porter, Bullitt County Atty., Shepherdsville, for appellees.

Before GANT, GUDGEL, and HOWERTON, JJ.

HOWERTON, Judge.

Hasty appeals from a summary judgment dismissing his declaratory judgment action seeking an order to set aside salary increases and expense allowances for the Bullitt County magistrates, the appellees herein. Hasty argues that the magistrates were not entitled to judgment as a matter of law, that there exists genuine issues of material fact, and that the magistrates are not entitled to a monthly expense allowance as a matter of law.

Judge Sanders concluded that, pursuant to KRS 64.527, the fiscal court was allowed to adjust the salaries of county officials based on the consumer price index so long as the salaries did not exceed the statutory maximum and there was no showing of illegality. He also concluded that pursuant to KRS 64.258, it was proper for the fiscal court to allow the magistrates $100.00 per month to defray various expenses.

Based upon the facts and issues as presented, we find no error in the conclusions. Constitutional salary limits, as established in 1949 in § 246, may be exceeded by allowing the officials to receive current salaries which equate with the purchasing power of the dollar in 1949. *Commonwealth v. Hesch*, Ky., 395 S.W.2d 362 (1965). The current maximum would be approximately $18,000.00 per year, according to KRS 64.527 and the "rubber dollar" theory. The new salary fixed for the magistrates by the fiscal court is $11,772.00. The salaries are uniform for the office and are not based on the merit of any individual magistrate.

Hasty also points out that §§ 161 and 235 of the Kentucky Constitution pro-

vide that there shall be no changes in compensation during a term of office for city, county or public officers. However, we find that KRS 64.530 provides that the fiscal court shall fix the compensation of every county officer, and salaries may nevertheless be adjusted during a term of office to provide adequate compensation which generally adjusts within the changes of the cost of living and the value of the dollar. *Dennis v. Rich*, Ky., 434 S.W.2d 632 (1968). The increases need not be related to extra duties.

■ We also agree that, as a matter of law, the $100.00-per-month expense allowance was proper. KRS 64.258 provides for expense allowances. Hasty argues that KRS 64.258 must be looked at in conjunction with KRS 64.255. That question appears to have been settled in *Roberts v. Hickman Co. Fiscal Court*, Ky., 481 S.W.2d 279 (1972), however, the *Roberts* court decided that KRS 64.255 was concerned solely with the establishment of salaries and the procedures necessary to receive compensation, while KRS 64.258 was concerned solely with an expense allowance for all justices of the peace. The court did not impose the standards requirement of KRS 64.255 on KRS 64.258. The *Roberts* court also did not set a requirement of criminal jurisdiction, which magistrates no longer have, before permitting an allowance for expenses. Furthermore, KRS 64.255 was repealed in 1976, while KRS 64.258 remains the law in Kentucky.

*Roberts, supra*, and KRS 64.258 authorize the payment of an expense allowance to help defray the expenses incurred by magistrates in carrying out the duties and responsibilities of their offices. Hasty argues that magistrates no longer have "offices" to maintain. The term "office," however, refers to the political office rather than any physical office space. Clearly, they may have expenses for telephones, automobiles, and various other items, even if they carry out the functions of their "office" from their homes.

■ Hasty also contends that salary increases and expense allowances cannot be enacted unless the county possesses sufficient excess funds in its treasury to permit them. He argues that because of the summary judgment, he was denied the opportunity to discover whether excess funds were in the county treasury. We decline to reverse this action on that basis. Unless the county was operating at an absolute deficit, it would be next to impossible to prove that the county had insufficient funds to pay these additional salaries and expenses. There will never exist enough money to take care of everyone's desires. Furthermore, the Bullitt County budget is an exhibit in the record, and it shows excess funds in the general fund, even after deducting the expenses allocated for the magistrates. In addition, Hasty had ample opportunity to depose the county treasurer prior to the entry of summary judgment, if he had desired to do so in making his case.

This leads to the final argument, that there were genuine issues of material fact which would make the issuance of a summary judgment improper. Hasty filed his action on March 6, 1980. In April, the magistrates deposed Hasty and expended considerable effort in an attempt to discover the basis for his complaint. The basis for his action appeared to be his own personal opinion and what "street talk" he had heard. He also stated that he had no other witnesses to offer in support of his case.

Hasty deposed the magistrates in May. No further action was taken until early July when the magistrates gave notice they intended to move for summary judgment. The motion was argued in August, and judgment was not rendered until September 20, 1980. At no time between May 21, 1980, and September 20, did Hasty attempt to present any proof that was not already before the court.

■ A summary judgment may not properly be granted before a respondent has an opportunity to complete discovery. The key word is "opportunity." *Hartford Insurance Group v. Citizens Fidelity Bank & Trust Co.*, Ky.App., 579 S.W.2d 628 (1979). It is not necessary that the movant for a sum-

mary judgment show that it would be impossible for the respondent to produce any evidence.

When we consider the case in its entirety, we can only conclude that a summary judgment was proper. CR 56.

The judgment of the trial court is affirmed.

All concur.