James F. POLSTON, Norman D. Asberry, Lester Wallace, Marvin Hay, Charlie Stearns and Carl Guffey, All Individually and as Magistrates of the Clinton County Fiscal Court, Appellants,

v.

Charlene KING, as County Judge–Executive of Clinton County, Kentucky, Appellee.

No. 97–SC–01–DG.

Supreme Court of Kentucky.

March 19, 1998.

David R. Choate, Albany, for Appellants.

Jeffrey H. Hoover, Jamestown, for Appellee.

Frank W. Chuppe, Wyatt, Tarrant & Combs, Louisville, Amicus Curiae, Kentucky League of Cities.

Cooper, J., filed concurring opinion in which Graves, J., and John T. Ballantine, Special Justice, joined.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment of the

Clinton Circuit Court declaring the salary adjustment enacted by the magistrates of the Clinton County Fiscal Court to be illegal and void. The county judge-executive of Clinton County cross-appealed from that portion of the judgment finding her actions illegal when she unilaterally terminated the monthly expense allowance of the magistrates.

In view of our decision in *Allen v. McClendon*, rendered __ day of _____, 1998, and in consideration of the well-expressed legal position by the Court of Appeals, we affirm the Court of Appeals and adopt the following portions of the opinion written by Chief Judge Wilhoit with Judge Johnstone and Judge Schroder concurring:

"The appellants are the duly elected magistrates who comprise the Clinton County Fiscal Court. They assumed office on January 3, 1994, for a five-year term of office. Their salary as of that date had been fixed in the year of their election at $249 per month. On March 30, 1994, by unanimous vote, the magistrates increased their salary to $800 per month and made the increase retroactive to January 3, 1994.

"On June 9, 1994, King filed a declaratory judgment action to have the salary increase declared null and void on the grounds that it violated §§ 1, 161, and 235 of the Kentucky Constitution and KRS 64.530. The magistrates counterclaimed against King, alleging that she did not have the authority to unilaterally terminate their $300 per month expense allowances.

"The Clinton Circuit Court, by judgment dated October 19, 1994, ruled that the salary increase was null and void. The court also ruled that King did not have the authority to unilaterally terminate the magistrates' monthly expense allowance. The circuit court denied the magistrates' motion to alter, amend, or vacate on November 28, 1994.

"The magistrates argue on appeal that the circuit court erred as a matter of law in determining that they were not empowered to adjust their salaries from $249 per month to $800 per month, retroactive to the beginning of their terms. They state that *Hasty v. Shepherd*, Ky.App., 620 S.W.2d 325 (1981), controls this case and supports their position.

"The circuit court based its ruling in a well-reasoned opinion on provisions of the Kentucky Constitution and KRS 64.530. In disposing of this case, we need only consider this statute and KRS 64.527.

KRS 64.530(4) provides as follows:

In the case of county officers elected by popular vote ... the monthly compensation of the officer ... shall be fixed by the fiscal court ... not later than the first Monday in May in the year in which the officers are elected, and the compensation of the officer shall not be changed during the term ....

KRS 64.530(6) provides:

Justices of the peace serving on a fiscal court in any county ... shall be paid for their services, out of the county treasury, not to exceed the maximum compensation allowable under KRS 64.527. The fiscal court shall fix the amount to be received within the above limit, but no change of compensation shall be effective as to any member of a fiscal court during his term of office.

"Subsection (4) of the statute unquestionably proscribes changing the monthly compensation of the magistrates during their current term of office once that compensation has been fixed on or before the first Monday in May in the year of their election. Subsection (6) sets the maximum compensation which may be fixed at that time and reiterates that 'no change of compensation shall be effective as to any member of a fiscal court during his term in office.' This subsection establishes that compensation shall not exceed the maximum compensation allowable under KRS 64.527.

"KRS 64.527 states that it is intended to 'equate the compensation' of certain county officials, including members of a fiscal court, with the purchasing power of the dollar. To that end, it provides that each year the Department of Local Government shall compute the annual increase or decrease in the consumer price index of the preceding year and notify the appropriate governing bodies charged with fixing the compensation of the county officials 'of the annual rate of compensation to which the elected officials are enti-

tled pursuant to the increase or decrease in the consumer price index.' The maximum compensation allowable under this statute is an amount not exceeding the purchasing power of $7200 in 1949. The statute further provides that upon notification by the Department of Local Government, 'the appropriate governing body may set the annual compensation of the . . . elected officials at a rate no greater than that stipulated by the Department of Local Government.'

 "Reading the provisions of KRS 65.530(4) and (6) and KRS 64.527 together, it seems quite clear that the intent of the legislature is that the compensation which may be set for a magistrate in the year of his or her election cannot exceed an amount equal to the purchasing power of $7200 in 1949 as measured by the Department of Local Government using the consumer price index. During the term to which he or she has been elected, the magistrate's compensation cannot be 'changed,' but it may be 'adjusted' annually during the term by an amount up to the annual increase or decrease in preceding year's consumer price index. *Cf. Matthews v. Allen,* Ky., 360 S.W.2d 135 (1962).

 "The increase in their compensation voted by the members of the Clinton County Fiscal Court in March 1994 greatly exceeds the annual 'adjustment' permitted by the statutes in order to maintain the purchasing power of their compensation as set in the year of their election. They were without authority to so change their compensation.

"*Hasty v. Shepherd, supra,* does not support a contrary interpretation of the statutory scheme. There is nothing in the opinion in that case which shows that the members of the fiscal court had increased their fixed compensation by an amount exceeding the increase in the consumer price index after their compensation had been fixed in the year of their election.

"As to King's cross-appeal, she argues that the circuit court erred in finding that she acted improperly by withholding the magistrates' monthly expense accounts. King claims that KRS 64.530(6) prohibits the magistrates from receiving expense accounts absent the required service on fiscal court committees. She also cites 64.410(2)(c), which states that no public officer shall demand or receive payment for services not actually rendered. The parties stipulated that no magistrate had served on any fiscal court committee, and that the $300 allowances were approved and budgeted in both the 1993–94 and 1994–95 fiscal budgets. King argues that, as the county judge-executive, she has the responsibility to prohibit the county from dispersing funds to the magistrates for services not performed as required by statute.

"The applicable portion of KRS 64.530(6) provides:

[J]ustices of the peace . . . may receive no more than three thousand six hundred dollars ($3,600) annually or three hundred dollars ($300) per month as an expense allowance for serving on committees of fiscal court. The fiscal court shall fix the amount to be received within the above limit, but no change of compensation· . . . shall be effective as to any member of a fiscal court during his term of office.

"As the circuit court recognized, the statute expressly empowers the 'fiscal court' with the authority to fix the amount to be received by the magistrates. The court acknowledged KRS 67.040(1) provides that fiscal court 'shall consist of the county judge/executive *and* the justices of the peace of the county . . . .' The circuit court also stated that it found no statutory provisions granting the county judge/executive authority to unilaterally terminate the expense allowances.

 "The legislature modified KRS 64.530(6) in 1984 to include the language that the expense allowances were 'for serving on committees of fiscal court.' We agree with King that this language apparently bars payment for expense allowances absent the required committee service. However, we also agree with the circuit court that King has cited no authority, nor have we found any, giving the judge-executive the authority to unilaterally terminate the expense accounts.

"We agree with the circuit court that King acted improperly by unilaterally withholding the magistrates' expense allowances. The appropriate remedy, if the magistrates do

not perform the statutorily required duties, will be for King or the taxpayers to bring an action to recover the funds. *See, e.g., Wilson v. Garner,* Ky., 516 S.W.2d 333 (1974); *Hall v. Noplis,* Ky., 367 S.W.2d 456 (1963); *Webster County v. Nance,* Ky., 362 S.W.2d 723 (1962); *Smith v. Campbell,* Ky., 286 S.W.2d 532 (1955).

"The judgment of the Clinton Circuit Court is affirmed."

The opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., LAMBERT, STUMBO and WINTERSHEIMER, JJ., and JOHN T. BALLANTINE, Special Justice, concur.

COOPER, J., files a separate concurring opinion in which GRAVES, J., and JOHN T. BALLANTINE, Special Justice, join.

JOHNSTONE, J., not sitting.

COOPER, Justice, concurring.

While I agree that the increased compensation which the Appellees voted to pay themselves cannot be justified as a "rubber dollar" adjustment, I disagree with that portion of the majority opinion which holds that the maximum "rubber dollar" adjustment allowable in any particular year must correlate with the increase in the consumer price index during the preceding year. As noted in my concurring opinion in *Allen v. McClendon,* Ky., 967 S.W.2d 1 (1998), neither the language of KRS 64.527 nor the holdings of our previous cases support such a conclusion.

In *Matthews v. Allen,* Ky., 360 S.W.2d 135 (1962) and *Commonwealth v. Hesch,* Ky., 395 S.W.2d 362 (1965), we held that the maximum compensations recited in section 246 of the Constitution meant the purchasing power of such compensation in 1949 dollars, and that the compensation could be adjusted upward in accordance with increases in the consumer price index in order to maintain that purchasing power, hence the "rubber dollar." We also held in *Hesch* that such adjustments were not "changes of compensation." Thus, KRS 64.530(4), which requires changes of compensation to be made not

later than the first Monday in May in the year in which the officers are elected and that such compensation shall not be changed during the term of office, does not apply to such adjustments. In *Hasty v. Shepherd,* Ky.App., 620 S.W.2d 325 (1981), the Court of Appeals specifically applied the "rubber dollar" principle to salary adjustments which county magistrates voted to themselves, and held that such adjustments did not constitute the "change of compensation" contemplated by KRS 64 .530(6). In response to *Matthews* and *Hesch,* the legislature enacted KRS 64.527, which requires the Department of Local Government to compute on an annual basis the maximum compensation allowable under the "rubber dollar" principle.

Nothing in KRS 64.527 requires the cost-of-living adjustment allowable in any particular year to correlate with the percentage of increase in the consumer price index for the previous year. The statute only requires the Department of Local Government to notify appropriate governing bodies of the maximum annual rate of compensation based on the present value of $7,200 in 1949 dollars. In fact, the increase in *Matthews* was from $8,400 to $10,800 per annum; in *Hesch,* the increase was from $7,200 to $9,600 per annum; and in *Sarakatsannis v. Baker,* Ky., 488 S.W.2d 683 (1972), the increase was from $7,200 to $12,600 per annum. In all of those cases, the percentage of increased compensation exceeded the previous year's percentage of increase in the consumer price index. (The opinion in *Hasty v. Shepherd, supra,* does not state the amount of the increase awarded in that case.)

This does not mean that any magistrate's salary can be adjusted to the maximum computed under KRS 64.527 without application of KRS 64.530(4) and (6). It only means that a magistrate can receive a "rubber dollar" adjustment necessary to make his or her present salary equate with the purchasing power of whatever the salary was for that office in 1949. If the 1949 salary was the maximum, $7,200, and has not been reduced in the interim, then the present holder of that office could receive an adjustment to the maximum certified pursuant to KRS 64.527. But if the 1949 salary was, *e.g.,* $1,000 per

annum, the present officeholder would be entitled not to an adjustment that would equate his or her present compensation with the 1949 purchasing power of $7,200, but to an adjustment that would equate that compensation with the 1949 purchasing power of $1,000. Any increase in excess of that amount would be a "change of compensation" subject to the dictates of KRS 64.530(4) and (6).

Here, the maximum compensation certified pursuant to KRS 64.527 for 1994 was $44,047 per annum. OAG 94–7. Appellees increased their annual compensation from $2,988 ($249 per month) to $9,600 ($800 per month). The record does not tell us what the salary for Clinton County magistrates was in 1949. Thus, there is no way to determine how much of an adjustment would be necessary to equate the purchasing power of the 1949 salary to 1994 dollars. The record is also silent as to when the $249 salary was established. Although Appellants would be entitled to an adjustment which would equate the purchasing power of their $249 salary to 1994 dollars, it is impossible to do so without knowing when that salary was established. Appellants had the burden of proof that the 1994 increase in their compensation was a "rubber dollar" adjustment and not a "change in compensation." *Carey v. Washington County Fiscal Court*, Ky.App., 575 S.W.2d 161 (1978). Having failed to meet that burden, the increased compensation must be deemed a "change of compensation" awarded contrary to the dictates of KRS 64.530(4) and (6).

GRAVES, J., and JOHN T. BALLANTINE, Special Justice, join this concurring opinion.