# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION



**FILED**

**July 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 02C01-9810-CC-00336** |
| Appellee, | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ROY B. MORGAN, JR.,** |
| **DELFRO WILLIS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Driving Under the Influence) |

**FOR THE APPELLANT:**

**MIKE MOSIER**
P.O. Box 1623
204 West Baltimore
Jackson, TN  38302-1623

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**J. ROSS DYER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**SHAUN A. BROWN**
Assistant District Attorney General
P.O. Box 2825
225 Martin Luther King Dr.
Jackson, TN  38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Madison County jury convicted defendant of driving under the influence of an intoxicant. In this appeal as of right, defendant raises two issues for review:

(1)    whether there was sufficient evidence to convict him of driving under the influence; and

(2)    whether the trial court erred by failing to require the state to elect which count of the indictment to submit to the jury.

We conclude the evidence was sufficient to support defendant's conviction, and that the trial court committed no reversible error in failing to require an election by the state. The judgment of the trial court is AFFIRMED.

**FACTS**

On his way to a friend's house to watch football, defendant stopped and bought a small bottle of liquor. He opened the bottle and started to drink the alcohol in route. Defendant lost control of his car and skidded onto the property of A.D. Beard. In the process, he hit Beard's mailbox and car. Beard's son, Joseph Miller, looked out the door in time to see defendant's car pull away with two flat tires.

Miller gave the police a description of the car. Officer Barry Austin spotted the car a short time later throwing sparks from the rim of a flat tire. He also noted damage to the passenger side. Officer Austin stopped the car and determined defendant to be the driver. Miller went to the location of the stop and positively identified the car as the one that left the Beard property.

While talking to defendant, Officer Austin noticed an odor of alcohol and found an empty liquor bottle in the car's front seat. Defendant slurred his speech, appeared unsteady on his feet, and frequently rested against the side of the car. Based upon these observations, the circumstances surrounding the stop, and the

2

evidence found in the car, the officer believed defendant was impaired. He placed defendant under arrest and transported him to the police station. At the station, defendant submitted to a breathalyser test which registered a blood alcohol level of .10%.

The state charged defendant with DUI in two separate counts of the indictment. It based count one on Tenn. Code Ann. § 55-10-401(a)(1) due to defendant's impairment; and count two on Tenn. Code Ann. § 55-10-401(a)(2) due to the .10% alcohol concentration in his blood. The jury found defendant guilty on count one and not guilty on count two.

## SUFFICIENCY OF THE EVIDENCE

Defendant charges there was insufficient evidence to convict him of driving under the influence. Specifically, he avers that the officer's minimal observations of an alcoholic odor, slurred speech, and unsteadiness form the only evidence against him in light of the jury's acquittal on count two of the indictment.[1]

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v.

---

[1]Defendant's brief emphasizes that Officer Austin could not articulate how defendant performed on field sobriety tests. The record shows that another officer administered field sobriety tests. Officer Austin could not remember the details of those tests and was not allowed to testify as to their results.

3

Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Defendant contends that the jury's acquittal on count two must be considered in determining defendant's guilt in count one. First, we note that the acquittal on count two is not necessarily inconsistent with a finding of guilt in count one since a defendant's blood alcohol level is not an element under Tenn. Code Ann. § 55-10-401(a)(1). However, even if the verdicts were inconsistent, any seeming inconsistency is irrelevant since each count is considered a separate indictment and consistency is not required. Wiggins v. State, 498 S.W.2d 92, 93 (Tenn. 1973)(citations omitted); State v. Gennoe, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992).

Further, defendant infers that Officer Austin improperly based his determination of intoxication on defendant's involvement in an accident. His brief states, "[i]t is probable that the fact of the accident shaded or influenced [Officer Austin's] observations of the Defendant."

Officer Austin received a report of a hit and run accident. A short time later, he observed defendant driving a vehicle with a flat tire shooting sparks as the rim scraped the pavement. When he talked to defendant, he smelled alcohol, heard slurred speech, and observed an unsteady demeanor. The officer was entitled to consider knowledge of defendant's accident when making the initial stop. *See*, Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998); State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992). Furthermore, the fact that the defendant ran off the road is relevant to the issue of impairment.

Based on the above, we conclude a rational trier of fact could determine that the state sufficiently established defendant's guilt beyond a reasonable doubt. This

4

issue is without merit.

**ELECTION OF OFFENSES**

Defendant assigns as error the trial court's failure to require the state to elect which DUI count to submit to the jury at the close of the proof. As previously stated, the state charged defendant in a multi-count indictment alleging alternative theories in counts one and two.

Requiring election among offenses by the state protects defendants from double jeopardy and insures a unanimous jury verdict. *See generally*, State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997); State v. Phillips, 924 S.W.2d 662, 664 (Tenn. 1996); State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993); Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973). The double jeopardy clause protects defendants from second prosecutions for the same offense and multiple punishments for the same offense. Phillips, 924 S.W.2d at 664; State v. Prater, C.C.A. No. 01C01-9710-CC-00499, Coffee County (Tenn. Crim. App. filed February 16, 1999, at Nashville)(citations omitted), *perm. to appeal filed 4/16/99.*

This defendant faced no danger of double jeopardy. A jury verdict convicting a defendant of ordinary DUI under Tenn. Code Ann. § 55-10-401(a)(1) and DUI with a blood alcohol content of .10% or higher under § 55-10-401(a)(2) does not constitute two separate convictions and only authorizes a single judgment of conviction. *See* State v. Powers, C.C.A. No. 02C01-9808-CC-00242, Fayette County (Tenn. Crim. App. filed April 19, 1999, at Jackson)(citing generally State v. Denton, 938 S.W.2d 373, 378-83 (Tenn. 1996)). Additionally, the transcript revealed the trial court's intent to merge both counts in the event of dual convictions by the jury. Just as premeditated first degree murder and felony first degree murder may be submitted to the jury without an election, *see* State v. Cribbs, 967 S.W.2d

5

773, 788 (Tenn. 1998), ordinary DUI and .10% DUI may be submitted to the jury without an election.

Furthermore, there was no danger of a non-unanimous jury verdict. The jury reported a unanimous verdict as to each count.

The trial court did not err by refusing to require an election by the state. This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**

6