**Opinion issued August 28, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00036-CV

_____

**CLARENT ENERGY SERVICES, INC. AND GRAHAM GILLIAM,**
**Appellants**

**V.**

**LEASING VENTURES, LLC, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-50734**

---

## MEMORANDUM OPINION

Appellants have attempted to appeal an order signed December 14, 2017, granting summary judgment in favor of Leasing Ventures, LLC, but also stating that if substantial progress, as defined in the parties' settlement agreement, "has not been made on or before December 17, 2017, then all further matters in the case is abated

until March 19, 2018, at which time Plaintiff may move for entry of a judgment against Defendants or the Parties may enter a non-suit of all claims and causes herein with prejudice."

This court issued an order noting that the order did not appear to be an appealable final judgment and advising the parties that the appeal might be dismissed for lack of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction. Appellants responded that the order was a final judgment, or alternatively, asked the court to abate for entry of a final judgment. Appellee took the position that the judgment was not final, and it requested dismissal or abatement for entry of a final judgment.

The court issued an order on June 21, 2018, abating the appeal for 30 days, and remanding to the trial court for entry of a final judgment. After the expiration of 30 days, the trial court clerk advised this court that no final judgment has been rendered.

The appealed order does not contain language indicating it is a final judgment nor does it adjudicate all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Moreover, a final judgment cannot be conditional upon future or uncertain events. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985). We have jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d

2

352, 352–53 (Tex. 1998). This order is not one for which interlocutory appeal is authorized.

Accordingly, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.