RENDERED:  OCTOBER 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1610-MR

CONSTRUCTION FABRICATION,
LLC; RALPH A. JEKEL; AND
RONALD B. STONE                                         APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 20-CI-002749


REPUBLIC BANK AND TRUST
COMPANY                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND JONES, JUDGES.

JONES, JUDGE:  Construction Fabrication, LLC ("Construction Fabrication");

Ralph A. Jekel ("Jekel"); and Ronald B. Stone ("Stone") (collectively

"Appellants") appeal from an order of the Jefferson Circuit Court granting

summary judgment to Republic Bank and Trust Company ("Republic") in this debt

collection action.  We affirm.

# I. BACKGROUND

On February 14, 2019, Construction Fabrication entered into a business loan agreement, commercial security agreement,[1] and promissory note with Republic. Jekel and Stone signed the documents in their representative capacity as members (vice president and president, respectively) of Construction Fabrication. On the same date, Jekel and Stone guaranteed the loan by signing separate commercial guaranties. On February 25, 2020, a financing statement was filed with the Kentucky Secretary of State. Under the terms of the promissory note, the principal amount of the loan from Republic to Construction Fabrication was $87,000.00. Construction Fabrication agreed to make eleven regular monthly payments of $1,060.65, and one last irregular or balloon payment estimated at $82,169.81. The interest rate was 8.0% per annum based on a year of 360 days. The maturity date of the loan, listed in bold typeface at the top of the first page of each document, was February 14, 2020.

Although consistent in their monthly payments, Construction Fabrication failed to make the final balloon payment. Republic issued a formal demand to Appellants, but the balance remained unpaid. On April 30, 2020, Republic filed the underlying complaint in Jefferson Circuit Court. Appellants

---

[1] The security agreement gave Republic a security interest in all inventory, chattel paper, accounts, equipment, and general intangibles of Construction Fabrication.

filed a joint answer, but failed to bring any counterclaims. On June 17, 2020, Republic moved for summary judgment. An affidavit filed with the motion from Robert Cline, Senior Vice President of Republic, stated Appellants owed $84,100.03 as a result of their default. Republic also filed the business loan agreement, commercial security agreement, promissory note, and individual guaranties with its motion for summary judgment. In response, Appellants motioned the circuit court to allow them to amend their answer to include counterclaims for fraud and breach of contract. The circuit court denied Appellants' motion and granted summary judgment in favor of Republic. Appellants filed a motion to alter, amend, or vacate the order, which was also denied by the circuit court. This appeal followed. Further facts will be developed as necessary.

## II. STANDARD OF REVIEW

When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Appellants) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party

was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996).

Whether the circuit court erred by denying Appellants' motion to amend their answer is reviewed for an abuse of discretion. *See Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770, 779 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

### III. ANALYSIS

Appellants raise three issues on appeal. They contend the circuit court erred by (1) granting Republic's motion for summary judgment; (2) granting personal judgment against Jekel and Stone; and (3) denying Appellants' motion to amend their answer.

Turning to Appellants' first argument, their primary contention is that the matter was not ripe for summary judgment because they did not conduct discovery. Appellants quote *Pendleton Bros. Vending, Inc. v. Commonwealth Finance and Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988), for the rule that "[a] summary judgment is only proper after a party has been given ample opportunity to complete discovery, and then fails to offer controverting evidence. *Hartford Ins. Group v. Citizens Fidelity Bank & Trust Co.*, Ky. App., 579 S.W.2d 628 (1979)."

However, in clarifying *Hartford*, this Court stated, "[t]he key word is opportunity. It is not necessary that the movant for a summary judgment show that it would be impossible for the respondent to produce any evidence." *Hasty v. Shepherd*, 620 S.W.2d 325, 327-28 (Ky. App. 1981) (internal quotation marks and citation omitted). Republic filed its complaint in the circuit court on April 30, 2020; Appellants filed an answer on May 18, 2020; and Republic filed its motion for summary judgment on June 17, 2020. Appellants had ample opportunity to propound discovery requests prior to the date Republic filed its motion for summary judgment, but failed to do so. Contrary to Appellants' assertions to this Court, the record before the circuit court was complete and the matter was ripe for summary judgment.

Although Appellants argue they dispute the amount owed to Republic, the party opposing summary judgment "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Steelvest, Inc. v. Scansteel Service Center*, 807 S.W.2d 476, 481 (Ky. 1991) (internal quotation marks and citation omitted). Not only did Appellants not produce any evidence to dispute the loan documentation produced by Republic, Appellants have failed, before both the circuit court and this Court, to articulate "specific examples of what discovery could have been undertaken that would have

affected the outcome had it been conducted." *Benton v. Boyd & Boyd, PLLC*, 387 S.W.3d 341, 344 (Ky. App. 2012). Appellants merely argue for more time to complete discovery in the broadest sense possible, and their argument must fail. Finally, although Appellants repeatedly assert what they "thought" and "felt" at the time they signed the loan documentation, "[a] party's subjective beliefs about the nature of the evidence is not the sort of affirmative proof required to avoid summary judgment." *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. App. 2007). We discern no error on the part of the circuit court.

Appellants next contend that the circuit court erred in granting personal judgment against Jekel and Stone. They argue that a "review of the loan documents in 2019 reveals that Appellant's [sic] signed <u>all</u> documents in their official capacity."[2] (Emphasis in original.) This argument is not supported by the record before us. Both the business loan agreement and promissory note identify the "Borrower" as Construction Fabrication and list the business address. The business loan agreement also states, "Borrower is a limited liability company[.]" The business loan agreement and the promissory note are signed by both Jekel and Stone as members of Construction Fabrication.[3] This is in contrast to the

---

[2] *See* page 7 of Appellants' brief.

[3] The commercial security agreement identifies the "Grantor" as Construction Fabrication and lists the business address of the company.

commercial guaranties contained in the record.  The guaranties first identify

"Borrower" as Construction Fabrication and, directly below, list either Jekel or

Stone as "Guarantor" along with their personal addresses, as opposed to the

address of the business.  The guaranties have a definition section which provides,

in relevant part,

> **Borrower**.  The word "Borrower" means [Construction Fabrication] and includes all co-signers and co-makers signing the Note and all their successors and assigns.
>
> **Guarantor.**  The word "Guarantor" means everyone signing this Guaranty, including without limitation [Jekel and Stone], and in each case, any signer's successors and assigns.
>
> **Guaranty.**  The word "Guaranty" means this guaranty from Guarantor to Lender.
>
> **Lender.**  The word "Lender" means [Republic], its successors and assigns.
>
> **Note.**  The word "Note" means the promissory note dated February 14, 2019, in the original principal amount of $87,000.00 from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

(Emphasis in original.)

Upon examination of the four corners of the guaranty documents, it is

apparent that Jekel and Stone guaranteed the February 14, 2019, loan from

Republic to Construction Fabrication in their individual capacities.  We agree with

the reasoning of the circuit court that it is "nonsensical that [Jekel and Stone] would be guarantors of the loan solely in their executive capacities, as this would essentially offer no additional guarantee to the collateral already signed to in the loan."[4]

For their third and final argument, Appellants assert the circuit court erred in denying their motion to amend their answer. They again contend that the issue is time-related because they did not have an opportunity to "flush out their defenses."[5] The circuit court, in its discretion, denied Appellants' motion to amend finding that any allegation of fraud was a compulsory counterclaim that should have been raised when the answer was filed. We agree with the circuit court.

Subject to exceptions contained therein that do not apply in the instant action, CR[6] 13.01 states, in relevant part,

> [a] pleading **shall** state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, **if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim** and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(Emphasis added.)

---

[4] *See* page 10 of the circuit court's opinion and order entered October 2, 2020.

[5] *See* Appellant's brief, page 9.

[6] Kentucky Rules of Civil Procedure.

Appellants allege fraud, in the broadest sense, on the part of Republic at the time they signed the loan documentation. Any claim of fraud at the time the loan documents were executed unquestionably arose "out of the transaction or occurrence that is the subject matter of [Republic's] claim" pursuant to CR 13.01 and, therefore, should have been included in Appellants' initial answer filed in the circuit court.

We also agree with the circuit court that, even if it allowed Appellants to amend their answer, the allegations of fraud are futile due to the plain language contained in the business loan agreement, promissory note, commercial security agreement, and commercial guaranties. "A trial court may deny the right to amend a pleading on the basis of the futility of the amendment itself, which essentially equates to a failure to state a claim upon which relief could be granted." *Insight Kentucky Partners II, L.P. v. Preferred Automotive Services, Inc.*, 514 S.W.3d 537, 555 (Ky. App. 2016) (internal quotation marks and citation omitted).

Accordingly, the circuit court did not abuse its discretion in denying Appellants' motion to amend.

## IV. CONCLUSION

For the reasons stated above, we affirm the opinion and order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:            BRIEF FOR APPELLEE:

James W. Dunn                    Sarah S. Mattingly
Louisville, Kentucky             Brian J. Wood
                                 Louisville, Kentucky